**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO: _____

**DAVID MAILHOT,**
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

**DOUGLAS BABCOCK,**

    Defendant.
_____/

**PLAINTIFF-MOVANT DAVID MAILHOT'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS IN COMPLIANCE WITH NON-PARTY SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff-Movant David Mailhot ("Plaintiff") respectfully moves this Court for an order compelling the production of documents subpoenaed from Douglas Babcock ("Babcock") and awarding Plaintiff his reasonable costs and fees associated with the preparation and filing of this motion. In support thereof, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

Plaintiff is the named plaintiff and proposed class representative in an action pending before this Court entitled *Mailhot v. Americore International Realty LLC d/b/a Sellstate Partners Realty,* Case No. 19cv62184-RS (the "Action"). A copy of the operative Complaint is attached hereto as **Exhibit A.** In the Action, Plaintiff alleges that Defendant Americore International Realty LLC d/b/a Sellstate Partners Realty ("Defendant"), knowingly and willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") by sending unsolicited telemarketing text messages in violation of consumers' privacy rights.

Plaintiff has learned that the text messages in question were sent by Douglas Babcock a realtor associated with the Defendant. Additionally, many of the text messages sent include Babcock's name or other contact information as shown below:

> Sun, May 12, 8:06 PM
>
> DAVID, are you still considering buying or selling your home?  - dbabcock@aol.com from Sellstate Partners Realty
>
> Tue, May 21, 11:16 AM
>
> Hi DAVID, I sent over an e-mail yesterday and wanted to make sure you saw it. Go ahead and respond to it when you can. Thanks!  - dbabcock@aol.com from Sellstate Partners Realty

Complaint at Para. 17, [ECF No. 1]. Babcock is a resident of Plantation, Florida and was served through his wife at his home address. *See* Return of Service (attached hereto as **Exhibit B**). The Subpoena and Rider are attached hereto as **Exhibit** C.

Despite being properly served**,** Babcock Failed to respond to the Subpoena by the due date of January 2, 2020. Babcock did however finally respond to Plaintiff Counsel's email on January 3, 2020. Since then, Plaintiff's Counsel has repeatedly and consistently sought Babcock's compliance with the subpoena to no avail. Copies of the email exchange between the undersigned and Babcock are attached hereto as **Exhibit D**. While Babcock has provided some responsive documents, notably, Babcock provided copies of his text message log transmissions ("Text Logs")

to Plaintiff he has failed to fully comply with the subpoena. A copy of the Text Logs are attached hereto as **Exhibit E**. The Text Logs provided by Babcock came from the Text Message Platform that he used to transmit the text messages in question and Babcock himself admits that his "account is still active with them". *See* January 10, 2020 email from Babcock as part of Exhibit C. Despite having the ability to provide responsive documents, Babcock refuses to provide relevant class discovery, specifically, Babcock has not provided documentation regarding:

> 15. Documents sufficient to identify the name, number, address, email address and any other personal information of anyone sent a text message by You on behalf of Defendant or Yourself.
>
> 19. All Text Message logs or records showing the transmission of Text Messages by You and/or on behalf of Defendant. Including the number the Text Messages were sent to, the date the messages were sent and the outcome of the attempted transmission of those Text Messages.

*See* Exhibit B at Pg. 10.

On January 29, 2020, Plaintiff took the deposition of Mr. Babcock. At his deposition, Mr. Babcock confirmed that he has access to the records Plaintiff seeks and he offered to provide login information so that those records can be retrieved. Following the deposition, Plaintiff asked Mr. Babcock to provide his login information to Defendant and Mr. Babcock refused to do so. In fact, it now appears that Mr. Babcock may have purposefully cancelled his membership in an attempt to avoid having to comply with the subpoena. Copies of the email exchange between Plaintiff's Counsel and Babcock are attached hereto as **Exhibit F**. The documentation sought by Plaintiff identifies the class and is relevant and necessary for Plaintiff to prosecute this action.

## ARGUMENT

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena, which provides, in pertinent part, that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the

3

subpoena." Fed. R. Civ. P. 45(g). Here, Plaintiff issued a valid subpoena to Babcock, seeking highly relevant information regarding class information at the heart of this action. Babcock was properly served with the Subpoena and now refuses to fully respond. Accordingly, the Court should compel Babcock to comply with the Subpoena and produce responsive documents immediately.

Lastly, the Court should also award the reasonable fees and costs to Plaintiff for having to prepare and file this motion, which could have been easily avoided here. Given Babcock's refusal to respond fully, Plaintiff's fees and costs for bringing this motion are the appropriate sanction. Indeed, a subpoena issued on behalf of a federal court should be treated as a court order. *DeVolk v. JBC Legal Grp., P.C.*, 2008 U.S. Dist. LEXIS 32257, at *4 (M.D. Fla. 2008) (citing Fed. R. Civ. P. 45(a) advisory committee note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Accordingly, Babcock should thus bear all reasonable costs incurred by Plaintiff in connection with the relief sought herein. *See Wouters v. Martin Cnty.*, 9 F.3d 924, 933 (11th Cir. 1993).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests the entry of an order: (1) compelling non-party Babcock to comply with the subpoena; (2) awarding Plaintiff his reasonable costs and fees in bringing this motion, and (3) awarding any other relief the Court deems just and necessary. If the Court is inclined to award fees and costs, Plaintiff respectfully requests that he be allowed ten days to submit the necessary documents supporting the award.

## LOCAL RULE 7.1 CERTIFICATION OF COUNSEL

Plaintiff's undersigned counsel hereby represents that he has complied with the requirements of Local Rule 7.1. Plaintiff and Defendant have met and conferred and couldn't reach resolution as to the relief sought herein.

Dated: March 2, 2020

        **EISENBAND LAW, P.A.**

        <u>*/s/ Michael Eisenband*</u>

        Michael Eisenband

        Florida Bar No. 94235
        515 E. Las Olas Boulevard, Suite 120
        Ft. Lauderdale, Florida 33301
        Email: MEisenband@Eisenbandlaw.com
        Telephone: 954.533.4092

        **HIRALDO P.A.**
        Manuel S. Hiraldo, Esq.
        Florida Bar No. 030380
        401 E. Las Olas Boulevard Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713

        *Counsel for Plaintiff*